[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The parties have stipulated that their marriage has broken down irretrievably and have agreed on the terms of child custody, visitation and support.
At issue are alimony, property distribution, various insurance coverage issues, and counsel fees.
The court is faced with a difficult set of circumstances in addressing these items because the family home is in foreclosure and the plaintiff wife has filed two bankruptcy petitions. She contemplates having a dismissed petition reinstated and re-financing the house.
As a result of all this, the defendant husband may become liable for substantial joint obligations of the parties. The financial affidavits of the defendant does not reflect these debts. Similarly, the wife's affidavit claims mortgage expenses premised on her reinstating the mortgage loan, though she is not presently making those payments. Nor is the court convinced it has been presented with a record of the defendant's actual earnings with the Connecticut Department of Transportation. The court also finds that the defendant's personal expenses are either high or inexact, especially "clothing" (3) and "other" (12).
In light of these circumstances, the court has held a supplemental hearing with counsel to address its concerns.
The court's orders as set forth below recognize that the plaintiff is seven years older then the defendant, and that she could increase her earning capacity if she could resume her education.
In addition to the foregoing considerations, the court has considered the applicable statutes governing the distribution of property and order of alimony in dissolution action, particularly §§ 46b-81 and 46b-82. CT Page 13129
 II 1. The court finds the jurisdictional requirements have been met and that the parties were married on October 20, 1990 in Milford, Connecticut.
2. There are two children issue of their marriage; Michael Paul, born June 19, 1990 and Joseph Todd, born November 2, 1992.
3. No other children have been born to the plaintiff wife during the period of the marriage.
4. The State of Connecticut is not contributing to the support of the parties or the children issue of this marriage.
5. The marriage has broken down irretrievably and is hereby dissolved.
 III
The plaintiff wife has been employed outside the home as a waitress or food server. Though he denies earning anything at it, there is evidence that the defendant husband is a skilled tile installer and has a capability of earning additional money in that capacity.
 CONCLUSION
It is therefore ordered:
1. The parties shall have joint legal custody of the two minor children, with actual physical custody to be in the plaintiff wife. The defendant shall enjoy reasonable visitation; without entering an order on this item, the court feels the visitation should be exercised on a more structured basis but with liberal exchanges to permit the children to enjoy their childhood preferences.
2. Child support, as agreed upon by the parties, is set at $183.00 per week pursuant to the Child Support Guidelines.
3. Each party will retain the motor vehicle he or she presently possesses.
4. The defendant shall quit-claim to the plaintiff all of his right, title and interest in and to the jointly owned family residence located at and known as 60 Marlin Drive in New Haven and the plaintiff will hold him harmless from any mortgage balance or deficiency judgment arising from the pending foreclosure action. CT Page 13130
5. The defendant shall pay and hold the plaintiff harmless on the People's Bank Credit Card bill in the approximate amount of $2,100 and the Ford Motor Company bill in the approximate amount of $4,784.90.
6. The defendant shall retain solely as his own his interest in and to the Bricklayers and Trowel Trades Retirement Savings Plan and the plaintiff shall retain as her own any interest she has in a pension plan with the City of New Haven.
7. The defendant is ordered to pay to the plaintiff as lump sum alimony within 90 days hereof the sum of $3,500 to enable her to pay her attorney's fees and commencing one week hereof the sum of $75.00 per week as periodic alimony for a period of six years. By that time, the minor children will require less of her time and attention, she will have had an opportunity to further her education and her employment opportunities should have improved.
8. By way of a Qualified Domestic Relations Order to be drafted by the parties, the plaintiff is awarded a one half interest in the defendant's pension plan with the State of Connecticut Department of Transportation, which benefit at age 55 has been computed at $305.83 and at age 62, at $385.00. This order is to be submitted for court approval.
9. The defendant shall provide medical, mental health, and dental insurance coverage for the benefit of the minor children as it is available through his employer and the plaintiff shall retain such insurance pursuant to her rights under COBRA. Uncovered and uninsured health expenses of the children shall be paid by the parties in accordance with the guidelines work sheet prepared by the parties, with the plaintiff paying 56% and the defendant 44%. Effective January 1, 2001, the first $100 of said expenses shall be paid by the plaintiff.
10. No evidence was presented as to the defendant's ability to acquire additional life insurance, nor its cost. Therefore, the defendant is ordered to continue to carry his present life insurance with the two minor children as beneficiaries in the amount of $38,000. A copy of such insurance policy with proof of its paid status shall be provided to the plaintiff annually on the anniversary of such policy.
Anthony V. DeMayo Judge Trial Referee